IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DWAYNE LEWIS FRAZIER, #217848<br>    Petitioner,<br>v.<br><br>STATE OF MARYLAND, *et al.*<br>    Respondents. | *<br><br>*   CIVIL ACTION NO. JFM-14-3357<br><br>* |

\*\*\*\*\*

MEMORANDUM

On October 27, 2014, the court received for filing this self-represented 28 U.S.C. § 2254 petition for writ of habeas corpus, dated October 16, 2014. ECF No. 1. This is the first § 2254 petition filed by Dwayne Frazier who, according to the petition, was sentenced to a sixty-year sentence in the Circuit Court for Baltimore City in September of 1991. *Id.* at p. 1. Respondents were ordered to file a limited answer as to the timeliness of the petition, with Frazier granted an opportunity to reply. ECF No. 3 at pgs. 2-3.

On December 15, 2014, respondents filed an answer to the application for habeas relief solely addressing the timeliness of Frazier's application. ECF No. 4. Frazier filed a motion for summary judgment. ECF No. 5. On January 23, 2015, Frazier's motion was denied and he was granted an additional period of time to file a reply. ECF No. 6. His reply was received for filing on February 18, 2015. ECF No. 7.

Documents show that in July of 1991 a Baltimore City Circuit Court jury convicted Frazier of first-degree rape, first-degree sexual assault, and child abuse. ECF No. 4, Exs. 1 & 2. In September of 1991, Frazier was sentenced to a sixty year term in the Division of Corrections. *Id.* On November 19, 1992, the Court of Special Appeals of Maryland affirmed the convictions. *Id.* The record reflects that no further appeal was taken.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when

filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state court on a non-capital offense are subject to a one-year statute of limitations. *See* 28 U.S.C. §2244(d).[1] On April 24, 1996 President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 into law. Although the statute is silent as to how it should be applied to persons whose convictions were finalized before April 24, 1996, it was later clarified that such persons had one year from the effective date, i.e., until April 24, 1997, to file a petition for writ of habeas corpus in federal court. *See Hernandez v. Caldwell*, 225 F. 3d 435, 439 (4th Cir. 2000) (clarifying the filing deadline as April 24, 1997). This one year period is, however, tolled while properly filed post-conviction proceedings are pending. 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325,

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

328 (4th Cir. 2000). Frazier, whose conviction became final in 1992, therefore had until April 24, 1997, to file his federal habeas corpus petition.

On October 3, 2005, Frazier initiated post-conviction proceedings in the Circuit Court for Baltimore City. The Circuit Court granted Frazier the right to file a belated motion for modification of sentence, but otherwise denied post-conviction relief. ECF No. 4, Ex. 1. He did not file an appeal of that ruling. On March 14, 2012, Frazier filed a motion to re-open post-conviction proceedings, which was denied on October 19, 2012. He did not file an application for leave to appeal this ruling under Maryland Rule 8-204(b) and the decision became final on November 19, 2012. On January 8 and March 1, 2013, Frazier filed separate petitions for a writ of actual innocence, which were denied on January 11, 2013, and October 25, 2013. *Id.*

Under *Hernandez*, Frazier's conviction became final on April 24, 1996, and he had one year from that date to file his petition in this court. He is entitled to statutory tolling of the one year period under 28 U.S.C. § 2244(d)(2), during the period his post-conviction petition remained pending. Under a generous construction, however, no state post-conviction petition was pending to statutorily toll the limitation period under § 2244(d)(2) from April 24, 1996 to April 24, 1997. All post-conviction proceedings initiated by Frazier were filed well after the expiration of the one-year limitation period. The limitation period ran unchecked and expired on April 24, 1997. Thus, this petition was filed outside the one-year statute of limitations period set out under § 2244(d)(1)(A).

In his petition and reply, however, Frazier claims that his convictions should be vacated based upon the prosecution's failure to disclose critical evidence in the form of medical reports, which he asserts he only obtained and became aware of on July 5, 2011. ECF No. 1 at pgs. 4-5; ECF No. 7. To the extent that Frazier is claiming that the limitations period should commence on July 5,

2011 under § 2244(d)(1)(D), the court finds no basis on which to find the petition timely. If July 5, 2011, was the date on which the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," Frazier did not move to reopen his post-conviction petition until March 12, 2012, after some 253 days had lapsed. Further, assuming arguendo that Frazier's subsequent petitions for writ of actual innocence tolled the limitations period, he waited another 50 days before filing the writs. Upon completion of the review process of those writs on November 25, 2013, he did not file the instant petition until approximately another 335 days had passed. Frazier offers no justiciable explanation for the late filing and the court finds no grounds for equitable tolling. His habeas corpus petition is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed and denied with prejudice.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability ("COA") should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Frazier does not satisfy this standard, and the court declines to issue a COA. A separate Order shall be entered in accordance herewith.

Date: *October 7, 2015*

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 OCT -9 AM 10:58

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY